Judge Nicholas
d.-livcrcd the opinion of the couri.
The wife of Everage, previous to marriage, was entitled, as legatee of her grandfather, to a s[lare 0f four ¿laves. The grandfather resided and died hi Virginia, where the slaves remained in the possession of the executor until some time after death of Mrs Everage, when they were deliveretl by the executor' to two of her co-legatees, *621 and by them brought to this state. This.suit in chancery was brought by Everage to obtain partition of the slaves.
Crittenden, for plaintiffs ; Monroe, for defendant.-
The only question presented for .-consideration is, whether he can maintain the suit in his own name, and if it should not have been brought by the administrator of his wife.
We'think it can only he maintained by the administrator. Marriage is only a qualified gift to the husband of the wile’s choscs in action, — that is, upon condition that he reduce them to possession during its continuance. If he die without having reduced them to possession, they survive to his wife, and do not pass to his personal representative... So, on the other hand, if she die before him, they do not survive to him, but pass to her administrator. Crozier vs. Gano, IV Bibb, 175.
Legacies or bequests of personal property are literally and stic-.ly chores in action, within the meaning and operation of this rule. See I Roper on Property, 201. Whether general or specific, they transfer only an inchoate property to the legatee. To render the right absolute and perfect, the assent of the executor is indispensable. Toller oh Executors, 306.
We know judicially of no law of Virginia, similar to the statute of this state, which would make the slaves pass by the will directly to the legatees, or otherwise than as personalty.
Decree reversed, with costs, and cause remanded, with directions to dismiss the hill.